## Moss v. Anderson.

1. Since the introduction of the common law, and the enactment of the statute of frauds and perjuries in 1816, lands cannot be conveyed in this State but by deed. Prior to that time, the laws of Spain, which prevailed in this country—when not abrogated by the constitution of the United States, and the laws of the territory—did not require a seal to an instrument of writing, to make it effectual for the conveyance of lands.

2. Under the provisions of the act of Feb. 1, 1839, concerning evidence, (L. of Mo. session 1838–9, p. 41,) it is not necessary to call the subscribing witnesses to the deed to prove the identity of the grantor, or to account for their absence ; nor is their presence required by the rule that the best evidence should be produced. The proof of the identity of the grantor in a deed, by a person who is not a subscribing witness, is not evidence inferior to the proof of the fact by one who has attested it as a witness.

3. Ejectment : Plaintiff claimed by settlement and cultivation prior to 20th Dec. 1803, under the acts of congress of 2d March, 1805, and 13th June, 1812, and a confirmation by the act of 4th July, 1836. Defendant claimed likewise by settlement and cultivation prior to the 20th Dec. 1803, and under the acts of 2d March, 1805, and 13th June, 1812, and a confirmation by the act of 29th April, 1816. Neither claim was confirmed by metes and bounds. Upon the trial the court permitted the plaintiff to prove that the settlement of M., under whom defendant claimed, was not within the lines of the survey consequent upon plaintiff's confirmation, but was two miles off. Held: That this evidence was properly admitted, as the act of 2d March, 1805, provides, that the confirmation under it shall be for such lands as were actually inhabited and cultivated by the claimant.

Appeal from the Circuit Court of Franklin county.

Cole for Appellant.

Scott, Zeigler, & Brickey, for Appellee.

*Opinion of the Court, delivered by Scott, Judge.*

This was an action of ejectment, brought by John An-

derson against Mark Moss.   Anderson derived title to the land in dispute from Roger Cagle, who claimed it by settlement and cultivation prior to the 20th December, 1803, under the acts of congress of the 2d March, 1805, and 13th June, 1812.  Cagle's claim was confirmed to him, or his legal representatives, by the act of congress of the 4th July, 1836.   Mark Moss, the defendant below, derived title to the land in controversy, from his father, Wm. Moss, who likewise claimed by settlement and cultivation prior to the 20th December, 1803, under the acts of congress of the 2d of March, 1805, and 13th June, 1812.  Moss' claim was recommended for confirmation, and confirmed by the act of congress of the 29th April, 1816.   Moss, it appears, never obtained a patent for the land confirmed to him, although by a law a patent could issue for the same.   Neither the claim of Moss nor Cagle was confirmed by metes and bounds. The description of both claims was vague : that of Cagle being for 650 arpens, lying on Sandy creek, in the county of St. Louis ; that of Moss being for 640 acres, lying on Sandy creek, in the same county.   It was proved that the defendant below was in possession of lands included in Cagle's confirmation.   On the trial, Anderson obtained judgment, from which Moss has appealed to this court.

Anderson, to show title in himself, produced a duly certified copy of an instrument of writing, not under seal, conveying Cagle's claim to W. Johnson, an intermediate grantee between Cagle and himself.   The instrument had the name of Roger Cagle subscribed to it, as the person who had executed the same, and was dated the 6th October, 1807, and acknowledged on the same day, and recorded in the recorder's office of St. Louis county, in Feb'y. 1809.  Before the copy was read in evidence, Anderson, the plaintiff below, made affidavit that the original, of which the instrument produced was a copy, was not, and had never been, in his power, that he had made a diligent search for the same, in places where it would most probably be found, without avail, and that he believed it was lost or destroyed.   Another witness testified that after a diligent search, he was unable to find it, and expressed his belief that it was lost or destroyed.   A

witness was then called, who stated that he had lived near Roger Cagle ; that there was but one Roger Cagle ; that to his knowledge Cagle never claimed the land in controversy after the sale to Johnson; that Cagle had lived on the said land, and afterwards went to Tennessee; that it was currently reported that Cagle had sold the land to Wm. Johnson.  After this proof, the copy of the conveyance was read to the jury, under the 10th and 11th sections of the act of Feb. 1, 1839, supplementary to the act concerning evidence. To the introduction of this paper it was objected, First, that it was not a deed or conveyance within the meaning of the said act, it not being under seal.  Whatever may be intended by the term conveyances, used in the statute now in force, regulating the alienation of land, that word, as employed in the act now under consideration, must be construed in the sense in which it was understood at the time of the execution of the instrument to which it relates.  In 1807, the date of the instrument now in question, the legal title to but a small portion, if any, of the lands in the then territory, had passed from the government.  The titles were mostly equitable.  Hence, in the act concerning conveyances, of 1804, (Geyer's Digest, 127,) the words, " deeds and conveyances," were employed not to convey alone the idea of instruments passing the titles to lands, but of instruments by which they were in any way affected.  It is true, the second section of the act, declaring that all deeds and conveyances shall be proved by one or more subscribing witnesses to such " deed," &c., dropping the word " conveyances," might be thought to imply, that the instruments to be proved must be sealed : but we would not be justified in holding that the law-making power, by a bare implication, intended to introduce forms of alienation of lands before unusual, and to which the early inhabitants were utter strangers.  This opinion is strengthened by a knowledge of the fact, that a scroll affixed to an instrument by way of seal, did not make it a deed, unless actually sealed, till the year 1807.  Geyer's Digest, p. 250.  It is believed, that since the introduction of the common law, and the statute of frauds and perjuries, which took place in the year 1816, lands cannot be convey-

Since the introduction of the common law, and the enactment of the statute of frauds and perjuries in 1816, lands cannot be conveyed in this State but by deed.  Prior

MAY TERM.
1842.
_____

Moss
v.
Anderson.

ed in this State but by deed. Prior to that time, the laws of Spain, which prevailed in this country, when not abrogated by the constitution of the United States, and the laws of the territory, did not require a seal to an instrument of writing, to make it effectual for the conveyance of lands. White's Compilation, title "Contracts."

It was further objected, that the subscribing witnesses should have been called, or their absence accounted for, and that the original should have been proved once to have existed. The 10th section of the act concerning evidence, before referred to, declares, "that if any deed or conveyance is acknowledged, proved, and recorded according to law, though not recorded within one year from the date, it may be read in evidence, upon proof of such facts and circumstances, as, together with the certificate of acknowledgment or proof, will satisfy the court that the person who executed the instrument is the person therein named as grantor." The 11th section enacts, that whenever it shall appear that the original deed or conveyance, in the case specified in the preceding section, has been lost or destroyed, or is not in the power of the party who wishes to use it, a certified copy of the record thereof, and of the certificate of the acknowledgment or proof, shall be received in evidence upon like proof as is required in case of the original, and with like effect. It will be seen that the statute does not require that the subscribing witnesses should be called to prove the identity of the grantor, or that their absence should be accounted for; nor is their presence required by the rule, that the best evidence should be produced. The subscribing an instrument as a witness, is an act which in most cases leaves little or no impression on the mind, and we are only conscious of having done the act from seeing our signatures to it. If an instrument is not produced for inspection, few would be willing to say, after a lapse of many years, whether or not they had attested it. The proof of the identity of the grantor in a deed, by a person who is not a subscribing witness, is not evidence inferior to the proof of the fact by one who has attested it as a witness. If his identity is established to the satisfaction of the court, a cer-

*[margin:]* to that time, the laws of Spain, which prevailed in this country—when not abrogated by the constitution of the United States, and the laws of the Territory—did not require a seal to an instrument of writing, to make it effectual for the conveyance of lands.

*[margin:]* Under the provisions of the act of Feb. 1, 1839, concerning evidence, (L. of Mo., session 1838-9, p.41,)

tified copy of the instrument, together with the acknowledgment or proof, is evidence without regard to the source from which the proof is derived. Cases may arise, and circumstances may exist, which would induce a court to require the presence of the attesting witnesses, or the reason for their absence. From the length of time which has elapsed since the execution of this instrument, the probability of the death of the attesting witnesses, and the want of the least circumstance to show that their testimony was withheld for fear of its being unfavorable to the party who wished to use the copy in question, we are of opinion that the circuit court had sufficient evidence of the identity of the grantor, and that it did not err in permitting the certified copy to be read.

The court permitted the plaintiff below to prove that the settlement of Wm. Moss, under whom the defendant claimed, was not within the lines of the survey consequent upon his confirmation, but was two miles off. This was objected to and assigned for error. The act of congress of the 2d March, 1805, provides that the confirmations under it shall be for such lands as were actually inhabited and cultivated by the claimants. It is not perceived on what ground this objection is based. Moss's confirmation was for the land he had actually inhabited and cultivated. He was not authorised to survey any other ; his survey was his own act; it was not a public or official act. This evidence does not go behind, or contradict the confirmation ; it merely shows upon what it operated, and what was included in it. Any other construction of the act of Congress, would sanction the grossest frauds. A confirmee might otherwise locate his claim where he pleased, without regard to the rights of others This view of the subject answers the argument, that Moss having the elder legal title, should prevail at law in an action of ejectment. Had the confirmation of the lands in dispute been made to him by metes and bounds, it might have been different. As it is, he has no title to the land, either legal or equitable.

The act of the 4th of July, 1836, by which Cagle's claim was confirmed, provides, that if any tract or part of a tract,

MAY TERM.
1842.

Moss
v.
Anderson.

it is not necessary to call the subscribing witnesses to the deed, to prove the identity of the grantor, or to account for their absence; nor is their presence required by the rule that the best evidence should be produced. The proof of the identity of the grantor in a deed, by a person who is not a subscribing witness, is not evidence inferior to the proof of the fact by one who has attested it as a witness.

Ejectment: Plaintiff claimed by settlement and cultivation prior to 20th Dec. 1803, under the acts of congress of 2d March, 1805, and 13th June, 1812, and a confirmation by the act of 4th July, 1836. Defendant claimed likewise by settlement and cultivation prior to 20th Dec.1803, and under the acts

MAY TERM.
1842.

Moss
v.
Anderson.

of 2d March,
1805 and 13th
June, 1812,
and a confirm-
ation by the
act of 29h
April, 1816.
Neither claim
was confirm-
ed by metes
and bounds
Upon the
trial, the court
permitted the
plaintiff to
prove that the
settlement of
M., under
whom defend-
ant claimed,
was not with-
in the lines
of the survey
consequent

confirmed by it, had been previously located by any other person, or had been sold under any law of the United States, the said act shall confer no title to such lands, in opposition to the rights acquired by such location and purchase. And it was contended for the defendant below, that this provision protected his location. After what has been said, it can scarcely be necessary to answer this argument. If the principles above stated be correct, it is clear that Cagle's claim had never been located or sold under any act of congress. Moss, by his confirmation obtained only the land he had actually inhabited and cultivated, and not that inhabited by Cagle, which was two miles distant.

There was no error in refusing the instruction asked for by the defendant below, no evidence having been given on which it could be predicated. Such instructions are always refused. They mislead the jury, and may impress their minds with the belief that there is evidence of a fact, when in truth there is not.

Judgment affirmed.

upon plaintff's confirmation, but was two miles off. Held: That this evidence was properly admitted, as the act of the 2d March, 1805, provides, that the confirmations under it shall be for such lands as were actually inhabited and cultivated by the claimant.