WILLIAM LONG, Respondent, v. SILAS STAPP et al., Appellants.

1. *Ouster — Co-tenancy — Adverse possession — Limitations, statute of.*—A conveyance of an entire tract of land by one tenant in common as a sole owner amounts to an ouster of his co-tenants, and the statute of limitations commences running in favor of his grantee from that time.

2. *Spanish laws — Seal not necessary to pass title.*—Under the Spanish laws a deed was not necessary to convey the legal title. Any instrument showing the intention of the grantor, whether under seal or not, was sufficient. And under that law a parol partition was sufficient even if possession had not been taken under it.

3. *Co-tenants — Adverse possession — Statute of limitations — Improper record and acknowledgment.*—In ejectment by one tenant in common against his co-tenant, for an undivided interest in certain lands claimed to be derived from a common grantor, where defendant relies solely on adverse possession and the statute of limitations, he cannot object that plaintiff's title papers are improperly acknowledged or recorded; for defendant cannot claim to have been a purchaser of plaintiff's undivided interest for a valuable consideration without notice.

*Appeal from Iron Circuit Court.*

*G. P. Strong*, and *Crews & Laurie*, for appellants.

I. The assignment of Johnson Campbell to William Morrison and Guy Bryan, on the back of Evans' deed, conveyed no legal title. At the most it could only transfer an equitable interest. It was neither executed nor acknowledged, so as to make a copy evidence, nor could an action of ejectment be founded on such a title; and this is the best title, and indeed the only title, under which plaintiff claims. (Thompson v. Lyon, 33 Mo. 219; Adams Eject. 33; Carroll v. Norwood, 5 Har. & J. 173; Eells v. Day, 4 Conn. 101.)

II. The deed of William Morrison to James Morrison was improperly admitted; only a copy was offered, and no title in William Morrison to the land mentioned in his deed was shown. The acknowledgment before an Illinois justice of the peace was a nullity, and the recording was unauthorized and did not make a certified copy evidence. No attempt was made to make a copy evidence under the statute. It was clearly incompetent. (Wagn. Stat. 595, § 32.)

*Emmerson & Dillingham*, and *Van Alen*, for respondent.

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment commenced in St. Francois county, where the land lies, and taken by change of venue to Iron county.

The plaintiff claimed title to one undivided half of the north half of 640 acres, known as survey No. 2111, originally confirmed to Isaac Jackson and Stephen Evans. The plaintiff set forth his title in his petition at length, and exhibited the deeds and transfers under which he claimed title to an undivided half, or 160 acres, of the north half of the above survey.

The evidence showed that there had been a partition between Jackson and Evans, by which Jackson took the south half and Evans the north half of the survey. A paper signed by Evans

showed the agreement for partition, the partition itself being by parol, and made prior to 1810. The plaintiff then, by various deeds and transfers, shows title to the undivided half of the north half of said survey. Among the title papers was an assignment on the back of one of the deeds by the owner of all his interests "in the within conveyance," dated April 30, 1810, without seal.

The plaintiff claimed that he was a tenant in common with the defendant. The defendant's paper title showed that he was the legal owner of 480 acres of said survey — that is, he owned the south half, being 320 acres, and an undivided half of the north half, equal to 160 acres.

The defendant set up the statute of limitations, but there was no actual ouster or sufficient denial of the plaintiff's title and those under whom he claimed until 1858, when the defendant took a conveyance from his grantor, assuming to convey to him as sole owner the entire 640 acres. This amounted to an ouster of his co-tenant, and the statute commenced running from that time. This suit, however, was commenced in 1860, and of course the plaintiff was not barred by the statute of limitations, as only two years had elapsed, and the statute requires ten years' adverse possession to constitute a bar. The case was submitted to the court, sitting as a jury, and a verdict and judgment were given for plaintiff for the undivided half of the north half of said survey, equal to 160 acres. During the progress of the trial, after each deed and paper were read in evidence by the plaintiff, the defendant objected to its competency and relevancy. This objection did not extend to the proof of the execution of such deeds and papers; they had already been read without objection, and we are now to consider whether they were competent, assuming that their execution by the proper parties had been duly proven.

These papers constitute the plaintiff's claim of title, and if the title was conveyed by them, they were competent and necessary evidence for him. One objection urged against this claim of title is that the partition was by parol, and that one of the instruments in the plaintiff's claim of title was an assignment

not under seal, written on the deed which conveyed the title to the assignor. It will be observed that the parol partition and the assignment referred to were made in 1810 and prior thereto, and that up to 1816 the Spanish laws and customs were in force in the territory of Missouri, in regard to the transmission of titles to real estate. Under those laws a deed was not necessary to convey the legal title. Any instrument showing the intention of the grantor to pass the title, whether under seal or not, was sufficient. (See Moss v. Anderson, 7 Mo. 337; Mitchell v. Tucker, 10 Mo. 260.) Since the introduction of the common law, and the enactment of the statute of frauds and perjuries in 1816, lands cannot be conveyed except by deeds in this country. The same thing may be said in regard to the parol partition. It was good under the Spanish laws, even if possession had not been taken under it.

It was also objected that some of the plaintiff's title papers had not been duly acknowledged and recorded. So far as the defendant is concerned, this objection is untenable. It is not pretended that he holds by purchase from the same grantor the undivided interest claimed by the plaintiff. Hence he cannot set up that he was a purchaser of this undivided interest for a valuable consideration and without notice.

These instruments were good to pass the title to plaintiff, whether recorded or not.

I find no substantial objection to the instructions declaring the law of this case. Upon the whole record, I think the judgment was for the right party.

Judgment affirmed. The other judges concur.