Pearson, J.
 

 The law is as it,was laid down by his Honor, and for the reasons given by him. See 3 Pliill. on Evidence, 814, and other text books, and the cases cited.
 

 Plaintiffs in ejectment and detinue would be defrauded of the fruit of their recoveries, unless a third person, who, pending the action, takes the place of the defendant in regard to the possession of the property, (although he is no party to the action,) be considered so far a privy as to be bound by the proceedings in respect to the right of possession. Hence, when a writ of possession issues after a recovery in ejectment, all persons, as well those not parties, as the party defendant, are put off the land, so that the plaintiff may have the fruit of his recovery. This is every day practice. So, if, pending an action of detinue, the defendant puts the “property into the possession of a third person, under the execution, the sheriff takes the property wherever he finds it, and delivers it to the plaintiff. This is also familiar practice.
 

 The action of trespass for mesne profits is a contination or elongation of the action of ejectment, introduced as a matter of convenience and for the purpose of saving time;
 
 Miller
 
 v. Melchor, 13 Ire. 439 ; consequently, one who takes possession of the premises, pending the action of ejectment, although he does not make himself a party of record, is a
 
 privy
 
 in rcspect to the
 
 Us pendens,
 
 and stands
 
 “
 
 in the shoes” of the tenant who was in possession when the action was brought. Whether it be necessary, in order to make the recovery in ejectment evidence against one who takes possession
 
 lite pendente, to
 
 show a connection between the defendant in the action of ejectment, and the person who takes possession
 
 lite pendente,
 
 we express.no opinion.' In our case, such a connection is shown; for the defendant in this action, is a sub-lessee of Johnston, to whom the defendant in the action of ejectment had convey
 
 *131
 
 ed the premises, and in regard to whom he held possession as a
 
 quasi tenant
 
 at will, or occupier by his permission; so it amounts to a mere shifting' of the possession from one tenant of Johnston to another.
 

 Pee Curiam.
 

 Judgment affirmed.