[No. 1478, November 11, 1912.]

WILLIAM H. BAKER, Appellee, v. GREGORIA TRUJILLO DE ARMIJO, et al., Appellants.

SYLLABUS (BY THE COURT).

1. To constitute an adverse possession there need not be a fence, building or other improvement made; it sufficing, for this purpose, that visible and notorious acts of ownership be exercised for the statutory period, after an entry under claim and color of title.

2. The uses to which the property can be applied, or to which the owner, or claimant, may choose to apply it, the nature of the property and its situation are largely controlling factors in determining what acts of ownership might be considered requisite to the assertion of an adverse claim.

3. Less notoriety, and even less frequency of such acts of ownership will be required with possession under color of title than without it.

4. All the law requires is that the possession, or rather acts of dominion, by which it is sought to be proved, shall be of such a character as may be reasonably expected to inform the true owner of the fact of possession and an adverse claim of title.

5. Where one co-tenant conveys the entire estate to one who takes possession claiming the exclusive title, this operates as a disseizin of the other co-tenants and converts the possession of the grantee into an adverse possession.

6. Findings of fact are not to be construed with the strictness of special pleadings. It is sufficient if from them all, taken together with the pleadings, we can see enough upon a fair construction to justify the judgment of the court notwithstanding their want of precision and the occasional intermixture of matters of fact and conclusions of law.

Appeal from District Court, Dona Ana County.

WADE & WADE, for Appellants.

The burden of proof is on the plaintiff to establish that he himself has a perfect legal or equitable title without reference to whether defendants' title be valid or invalid. 32 Cyc. 1369.

The presumption is that the property was community property, for there was no evidence offered by the plaintiff to show to the contrary. 8 L. R. A. 732; 32 Cyc. 1331; 21 Cyc. 1652.

Plaintiff did not show ten years continuous adverse possession. Johnson v. City of Albuquerque, 12 N. M. 29; 1 Cyc. 1000; 1 Cyc. 984-5; Brown v. Bocquin, 57 Ark. 97.

Plaintiff did not show that he was the owner of the disputed premises by virtue of the deed from the Dona Ana Bend Colony Grant. Empire Ranch & Cattle Co. v. Webster, 121 Pac. 171.

Baker v. Armijo, 17 N. M. 383.

The findings of the court must support the judgment rendered and in order that the findings may thus support the judgment the facts found should be the ultimate facts in issue. 8 Encyc. P. & P. 943; 38 Cyc. 1979; Oliver et al. v. Enriquez, 17 N. M. 206; Levins v. Rovegno, 12 Pac. 161.

J. H. PAXTON, Las Cruces, N. M., for Appellee.

Plaintiff has shown sufficient adverse possession for the statutory period to establish his title by limitation. Ewing v. Brunet, 11 Pet. 49; Worthly v. Burbanks, 146 Ind. 541; Colvin v. McCune, 39 Ia. 507; Menkins v. Ovenhouse, 22 Mo. 75; Sage v. Morosick, 69 Minn. 169; Illinois Steel Co. v. Bilot, 109 Wis. 418; Draper v. Shoot, 25 Mo. 197; Woods v. Montevallo Co., 84 Ala. 560; Richbourg v. Rose, 53 Fla. 173; McColman v. Wilkes, 3 Strob. L., 465.

The plaintiff is not estopped to set up title adverse to an asserted claim of title under Yreneo Lujan. Draper v. Shoot, 25 Mo. 197.

The defendants have not shown sufficient adverse possession to establish their title by limitation. Poignard v. Smith, 25 Mass. 274; St. Louis v. Gorman, 29 Mo. 593; Hall v. Powell, 4 Serg. & R. 456; Kennebec Purchase v. Springer, 4 Mass. 416; McDaniel v. Slos-Sheffield Co. 152 Ala. 414; Normant v. Eureka Co., 98 Ala. 181; Rust Land Co. v. Isom, 70 Ark. 99; McEvoy v. Loyd, 31 Wis. 142; Giourdine v. Fludd, Harp. (S. C.) 232; Whitehead v. Foley, 28 Tex. 268; Hardin v. Jordan, 140 U. S. 400.

The Dona Ana Bend Colony Grant is a community grant. O'Reilly v. Campbell, 116 U. S. 418.

The statute of 1905 is valid, and not in conflict with the Springer Act. Springer Act, Comp. Laws 1897, chap. 818, pp. 45-6; Guthrie Natl. Bank v. Guthrie, 173 U. S. 528; State v. Hitchcock, 1 Kas. 178; McGill v. State, 34 Ohio St. 247; State v. County Court of Boone, 50 Mo. 323; Beach v. Leahy, 11 Kas. 26; Francis v. A. T. & S. F. R. R. Co., 19 Kas. 306; Comm'rs. of Norton Co. v. Shoemaker, 27 Kas. 79; Gray v. Crockett, 30 Kas. 143; Knowles v. Board of Education, 33 Kas. 699; Monterey

v. Jacks, 203 U. S. 363; Haps v. Hewitt, 97 Ill. 490;. Bird v. Montgomery, 6 Mo. 510; Organic Act, sec. 7, Comp. Laws 1897, p. 43; Rogers v. Goodwin, 2 Mass. 477.

### STATEMENT OF FACTS.

This action was instituted by appellee, in the court below, for the purpose of quieting title to certain premises in Las Cruces, N. Mex., situate within the limits of the Dona Ana Bend Colony Grant, in the County of Dona Ana, N. Mex.

Plaintiff alleged in his complaint that he was the owner and in possession of the same premises, being the property conveyed by Numa Reymond, and wife, to Guadalupe Ascarate, by quit claim deed dated April 26, 1905; that for more than ten years immediately prior to the filing of the complaint, to-wit: January 6, 1910, plaintiff and his grantors were in continuous adverse possession of the said tract under said deed and other similar deeds and color of title, and during the period mentioned paid all taxes; that defendants claim the premises adverse to plaintiff.

Default was adjudged against several defendants, but Francisca Cuniffe, Jose Lujan, Martiniano Lujan, Alvineta Graham and Bences Lujan made answer to the complaint alleging that they were the owners, in fee simple, of the premises as tenants in common of undivided interests, and, by cross complaint further alleging that Juanita Ortiz de Lujan, the mother and grandmother of said defendants, died in the year 1857, possessed of the property in question. The cross complaint concluding with a prayer that title of defendants be quieted and set at rest. Issue being joined, the cause was tried and the court made the following findings of fact:

"First: That the Dona Ana Bend Colony Community Grant is the common source of the conflicting claims of title asserted in this cause by plaintiff and said defendants respectively.

"Second: That said defendants have shown no title derived out of the said Dona Ana Bend Colony Community Grant by virtue of any written instrument.

"Third: That said defendants have not shown adverse possession sufficient to acquire and establish title by limitation either as against the said Dona Ana Bend Colony Community Grant or as against plaintiff; and,

"Fourth: That plaintiff is the owner in fee simple and in possession of the tract of land in plaintiff's complaint herein, and hereinafter described by virtue of said adverse possession thereof by himself and his grantors and predecessors in interest and by virtue of confirmatory deed thereto issued to said plaintiff by the Board of Trustees of the Dona Ana Bend Colony Community Grant, dated December 11, 1905, and recorded in Deed Book No. 29, at page 103, of the records in the office of the probate clerk and ex-officio recorder of Dona Ana County, New Mexico."

And as a conclusion of law the court found that the plaintiff was entitled to the relief prayed for in his complaint. The evidence discloses: "That about the year 1849 Yreneo Lujan and Juanita Ortiz de Lujan, then husband and wife, together with their two children, Francisca and Jose Lujan, entered upon and took possession of the premises in dispute and continued to reside thereon until about the year 1857, at which time the said Jennie Ortiz de Lujan died intestate, leaving surviving her her husband, and the said Francisca Lujan and the said Jose Lujan, Albina Lujan, since deceased, and the defendant Martiniano Lujan, the last two being born upon the premises in dispute; that upon the death of the said Juanita Ortiz de Lujan, Yreneo Lujan left the town of Las Cruces and went to the town of Limitar in the County of Socorro, N. M., where he resided until about the year 1867; that at and after the departure of the said Yreneo Lujan from Limitar, as aforesaid, Albina Lujan de Lujan, one of the daughters of the said Lujan and Juanita Ortiz de Lujan continued to reside with her two brothers, Jose and Martiniano Lujan upon the premises; that the persons last named resided continuously upon the premises until the year 1860; that Yreneo Lujan and his three children about the year 1867 returned to Las Cruces and again occupied the premises for a short time; that during

the occupancy of the premises by the Lujan family they caused to be constructed a substantial adobe house upon the premises which was used in part for a residence and in part for a merchandise store; that from the year 1867 until 1887 the premises were vacant and unoccupied; that in the latter year one William L. Rynerson took possession of the premises, but removed therefrom upon the active protest of the defendant Martiniano Lujan made in behalf of himself and his brother and sisters, under claim of ownership; that in or about the month of March, 1887, the defendant Martiniano Lujan then residing at Lincoln, N. M., returned to the town of Las Cruces, on which occasion he found his father Yreneo Lujan somewhat under the influence of liquor and negotiating with one Phoebus Freudenthal, then a member of a firm engaged in the merchandise business at Las Cruces, such firm consisting of the said Phoebus Freudenthal and his brother, one Morris Freudenthal, for the execution and delivery to the said firm of a deed of conveyance of the premises in dispute; that the said Phoebus Freudenthal and Morris Freudenthal obtained a full warranty deed purporting to have been executed by the said Yreneo Lujan and one Eduvina Lujan, his second wife, conveying to the firm the premises in dispute; that said Yreneo Lujan died shortly thereafter.

"The evidence further shows that following the execution of the deed above referred to, the said Yreneo Lujan took the said Morris Freudenthal to the premises and put him in possession thereof in behalf of himself and his brother Phoebus Freudenthal; that in the year 1905 the Territory of New Mexico passed an act entitled 'An act in relation to the management of the Community Land Grants in the County of Dona Ana,' approved on the 23rd day of February, 1905; that assuming that the Dona Ana Bend Colony Grant was a community grant and that the provisions of said act were applicable thereto, the board of county commissioners caused to be held an election for the selection of a board of five trustees to manage the affairs of the said grant; that at said election certain persons were declared chosen, and thereupon assumed to

act, as a board of trustees under the provisions of said act and to exercise the powers, rights and privileges therein conferred in reference to the Dona Ana Bend Colony Grant; that on or about the 11th day of December, 1905, the plaintiff in an ex parte proceeding and without any notice whatever to defendants procured a 'deed of confirmation' from the persons constituting such board of trustees, confirming to him the premises in dispute."

The defendants urged title by limitation alone, while the plaintiff urged title by limitation and by the confirmation deed above referred to. The evidence of plaintiff in support of his contention of adverse possession is briefly as follows:

About the year 1873 Rafael Armijo claimed the lot by purchase. Ramon Gonzales had possession of the lot and fenced it about 1879. Demetrio Chavez acquired a tax title to the lot. Ramon Gonzales and Demetrio Chavez and wife, and Yreneo Lujan conveyed to Morris and Phoebus Freudenthal in 1887. The lot was unoccupied when Freudenthals purchased, and has ever since been without permanent structures upon it. The Freudenthals leased the lot to various persons for shows, to photographers, merry-go-rounds, carnivals and the like; after purchasing the lot they erected a barbed wire fence on three sides, a house wall being the boundary on the fourth side, which fence being dangerous, was replaced by a smooth wire fence; this fence remained but a few months, being destroyed by vandals. The Freudenthals sold the lot to Numa Reymond in 1898, who conveyed to Guadalupe Ascarate in 1905; who also fenced the lot, and a short time thereafter, conveyed to William H. Baker, the plaintiff. The fence erected by Ascarate became dilapidated and was reconstructed by Baker. About two years before this suit was instituted the fence again became dilapidated and Baker again rebuilt it. It was shown that Baker had rented the property for circuses, photograph galleries, and similar purposes, during each year since he purchased the property, and that he had constructed a sidewalk costing more than one hundred dollars. It was further shown that Baker and his predecessors in interest had paid all

the taxes against the property for the years 1897 to 1907, both inclusive, nor is there any evidence that any of the defendants ever returned the property for taxation or paid taxes on it.

There is no evidence of any color of title in the Lujans, nor any evidence of any definite limits of the land claimed by the defendants until a plat was filed on September 15, 1853.

## OPINION OF THE COURT.

HANNA, J.—The appellants have raised numerous assignments of error, but in their argument are relying upon four, which we will consider in the order presented.

The first being that plaintiff did not show title in himself through Yreneo Lujan. We do not consider it necessary to here set forth the questions pertaining to this point because it is apparent that the learned trial judge did not base his judgment upon this theory of the case, but, on the contrary, in his fourth finding of fact found "that plaintiff is the owner in fee simple and in possession of land in plaintiff's complaint herein, and hereinafter described, by virtue of said adverse possession thereof by himself and his grantors and predecessors in interest, and by virtue of confirmatory deed thereto."

Considering this language in connection with the allegations of the complaint, it becomes clear that the allegations of the complaint, with reference to adverse possession, referred to ten years prior to the institution of the suit. This being true, we are of the opinion that it is not now necessary to inquire concerning whether or not plaintiff traced his chain of title to the alleged title of Yreneo Lujan.

The next point urged by plaintiff is that plaintiff did not show ten years' continuous adverse possession.

The appellants' contention being that the evidence in this case does not disclose such acts of possession as would acquaint the owner with the fact that a claim of ownership adverse to his title was being asserted. More serious consideration might be given to this contention than we feel it is here entitled to were it not for the fact that we

find from the record the defendant Martiniano Lujan unsuccessfully protested against the sale of the premises by his father Yreneo Lujan. It is clear that this defendant had actual knowledge of the assertion of adverse claims by the Freudenthals in the year 1887 and that he failed to assert any claim to ownership until about the year 1907, when he wrote his sister Mary "to do something for the benefit of the lot."

It has been settled that to constitute an adverse possession there need not be a fence, building or other improvement made; it sufficing, for this purpose, that visible and notorious acts of ownership be exercised, for the statutory period, after an entry under claim and color of title. Ewing v. Burnett, 11 Pac. 19, 9 L. Fed. 628.

The uses to which the property can be applied, or to which the owner, or claimant may choose to apply it, the nature of the property and its situation are largely controlling factors in determining what acts of ownership might be considered requisite to the assertion of an adverse claim.

In the case at bar, the property is an unimproved city lot, which the claimants, in possession, fenced on several occasions, but which apparently it was found difficult to keep fenced. The lot was frequently rented for circuses, carnivals, bill boards, temporary photographers' stands, storage of pipe and other temporary uses.

The trial court having found that this evidence was such as to indicate acts of ownership constituting adverse possession we are not disposed to disturb the finding.

It has been said in the case of Draper v. Shoot, 25 Mo. 197, that "What is adverse possession is one thing in a populous country, another thing in a sparsely settled one, and still a different thing in a town or village." It has also been held that less notoriety, and even less frequency of such acts of ownership will be required with possession under color of title than without it. Woods v. Montevallo Co., 84 Ala. 566.

In the case last referred to the court also says: "All the law requires therefore, is that the possession, or rather

acts of dominion by which it is sought to be proved, shall be of such a character as may be reasonably expected to inform the true owner of the fact of possession and an adverse claim of title."

Believing that there was substantial evidence upon which to base the finding of fact, with respect to the adverse possession of the plaintiff, we are forced to conclude that this contention of the appellants' is not well taken.

The third point urged by the appellants is that plaintiff did not show that he was the owner of the disputed premises by virtue of the deed from the Dona Ana Bend Colony Grant.

The principal argument of appellants in support of this point is that the Grant Board could not deprive the defendants of any rights they might have in an *ex parte* proceeding. It does not appear that the trial court held a contrary opinion and does appear that he agreed with this contention. It is evident that the trial judge concluded from the evidence adduced that the defendants had failed to establish any title by adverse possession, or through the Dona Ana Bend Colony Grant, and so found. There being substantial evidence to support these findings of the trial court, we cannot disturb them.

Appellants strongly contend that if plaintiff did not show the necessary ten years' possession, and even though defendants failed in the same proofs, Yreneo Lujan, when he conveyed to the Freudenthals, transferred a five-eighths interest merely, and created plaintiffs grantors tenants in common with defendants. We are not disposed to differ with appellants as to the principles of law applying to co-tenancy, but do not agree that the principles contended for apply in this case.

The record discloses that Yreneo Lujan conveyed by warranty deed the entire property. If appellants be correct, Lujan and themselves were co-tenants. We find, as a general rule almost universally applied, that where one co-tenant conveys the entire estate to one who takes possession claiming the exclusive title, this operates as a disseizin of the other co-tenants and converts the possession of the grantee into an adverse possession.

Prescott v. Nevers, 19 Fed. Cas. 11, 390; Wright v. Saddler, 20 N. Y. 320; Long v. Stapp, 49 Mo. 506; Hall v. Waterman et al, 220 Ill. 569; Unger v. Mooney, 63 Cal. 586; Neher v. Armijo, 9 N. M. 337.

Appellants further argue that the Dona Ana Bend Colony Grant is not a community grant, and that the act of the legislature assembly of the Territory of New Mexico, entitled, "An act in relation to the management of the Community Land Grants in the County of Dona Ana," approved February 23rd, 1905, is void, being in conflict with the provisions of the Springer act. These points are raised for the first time in this court and cannot, therefore, be now considered. The decision of these questions in a manner favorable to appellants' contention would not be of benefit to the appellants' case in view of the third finding of the trial court.

The last point made by appellants is that the so-called findings of fact are mere conclusions of law, and do not support the judgment. We are of opinion that this alleged error is without real merit. It does not appear from the record that the attention of the trial court was called to the alleged defect in the findings. This we deem necessary if advantage is to be taken of alleged defects of this character.

It has been well said in the case of O'Reilly v. Campbell, 116 U. S. 420, upon this subject, that, "findings are not to be construed with the strictness of special pleadings. It is sufficient if from them all, taken together with the pleadings, we can see enough upon a fair construction to justify the judgment of the court notwithstanding their want of precision and the occasional intermixture of matters of fact and conclusions of law."

We conclude that the judgment of the lower court must be affirmed, and it is so ordered.

PARKER, J., being disqualified, did not participate in the above decision.