D. K. Maynard, George Landon, Newton Harvey, Orange State Oil Company, v. Harriet E. Miller

182 So. 220.
Division B.
Opinion Filed March 8, 1938.
Rehearing Denied June 8, 1938.
Extraordinary Petition for Rehearing Denied July 1, 1938.

*Randolph Calhoun,* for Plaintiffs in Error;

*John F. Burket,* for Defendant in Error.

Per Curiam.—This writ of error brings before us for review a judgment in favor of the plaintiff, defendant in error here, against the defendants, who are plaintiffs in error here. The controlling question presented by this record is the sufficiency of the description of the property, as contained in the declaration, the deed under which the plaintiff claimed and the judgment. The case was tried before the court without a jury.

It is well settled in this jurisdiction that if the description of the land conveyed in a deed is such that a surveyor,

by applying the rules of surveying, can locate the same, such description is sufficient, and the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. See Walker v. Lee, 55 Fla. 360, 41 So. 881. The trial court was evidently governed by this rule.

Other questions are raised and argued in the briefs, but it is sufficient to say that we find no reversible error in the record and the judgment of the court below will accordingly be affirmed.

It is so ordered.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

PER CURIAM.—The points raised by the petition for rehearing were considered by the Court, but there is one point insisted by the petition which we will briefly advert to.

This was an ejectment suit and the declaration substantially followed the form provided by Section 5044 C. G. L. The defendant plead the general issue and also pleads denying possession. The suit was brought against six defendants and charged that they were in the possession of certain described parcel of land to which the plaintiff claimed title, and that the defendant, L. L. Taylor, had received the profits of said land since May 9, 1935, of the monthly value of $20.00 and that the defendants refused to deliver possession of said land to the plaintiffs, or to pay them the profits thereof. The final judgment was in favor of the plaintiff, Harriet E. Miller, finding that she held the fee simple title and was entitled to the immediate possession of the property and that she was entitled to $260.00 damages, representing the profits of said land since May 9,

1935, and ordered that she have writ of possession, and further ordered that the plaintiff do have and recover of and from the defendants (not merely one of them) the sum of $260.00 damages and costs of court.

A motion for new trial was filed, one of the grounds of which was that the court erred in entering a judgment against the defendants jointly and severally, on the ground of the insufficiency of the evidence of possession. On this motion for new trial the court made an order, in which it was stated that the court was of the opinion that the evidence was insufficient upon the question of possession as to two of the defendants, L. L. Taylor and Ivy Taylor, and granted a new trial as to those two defendants, but denied the motion for new trial as to the other four defendants. The record does not show that any exception was taken to this order. Thereafter the plaintiff moved for the dismissal of the cause as to said Ivy Taylor and L. L. Taylor, which was granted.

It thus appears that the judgment was general against all of the defendants, both on the question of possession and the question of the recovery of the profits, which profits the declaration had alleged were received by defendant L. L. Taylor, but the judgment was general against all, and thereafter the defendants, L. L. Taylor and Ivy Taylor, were granted a new trial, and then the case was dismissed as to those two defendants.

The contention seems to be that this made the judgment left standing against the other four defendants erroneous and that the writ of possession issued against them was likewise erroneously issued, as well as the judgment for damages for $260.00 for mesne profits. However, this question was not raised in the lower court by any motion to amend the judgment, or stay its operation, or in arrest thereof, or otherwise. Writ of error was sued out to this

court, but as this question was not raised in the lower court, it is doubtful if plaintiffs in error can raise it for the first time here, the judgment certainly not being illegal or void upon its face.

In Ashmead v. Wilson, 22 Fla. 255, it was held that damages for the detention of land might be recovered against two defendants for the period of their joint possession, where they are both sued for the recovery of the land and for mesne profits. It has also been held that where, in a suit against two parties in ejectment, the evidence showed that only one of the parties was in possession, the other party was entitled to a non-suit. Hussman v. Wilke, 50 Calf. 250. The implication from that decision is that an ejectment suit may be dismissed as to some defendants without affecting the proceedings against the others. It has further been held that an action for mesne profits will lie against the disseizor's tenant, although the tenant was ignorant of the disseizee's claim, and has paid the rent to the disseizor in good faith. Trubee v. Miller, 48 Conn. 347. And in Lamson v. Sutherland, 13 Vermont 309, it was held that when plaintiffs commence an action of ejectment against two, which is delayed by an injunction in chancery, they may recover the whole amount of the rents and profits against both defendants, notwithstanding only one was tenant and had continued in possession but a short time after commencement of the suit. In Bradley v. McDaniel, 48 N. C. 128, it was held that one coming in as an under-lessee to the defendant in an action of ejectment is bound by the proceedings had therein and consequently liable to an action for mesne profits. In Hussman v. Wilke, *supra,* it was held that if a landlord is made a joint defendant with his tenant in an action of ejectment, and there was no proof that the landlord was in possession of any part of the premises, the landlord is entitled to a non-suit. It

would follow from these cases that the allegation that one of the defendants, L. L. Taylor, received the profits, did not relieve his codefendants from liability to plaintiff therefor, even though the suit was subsequently dismissed, after new trial granted as to said L. L. Taylor because of lack of evidence of possession by him. The judgment being general against all of the defendants, both as to the recovery of the possession of the property by the plaintiff and as to recovery of the profits thereof during the period of detention, the subsequent granting of a new trial as to two of the defendants and a dismissal of the suit as to them, would not relieve the other four defendants from liability. This seems to be the conclusion to be reached on such authorities as we have been able to find on that question.

The petition for rehearing will therefore be denied.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.