199 P.2d 1003

**HERON v. GARCIA, County Treasurer, et al.**

No. 5122.

Supreme Court of New Mexico.

Nov. 24, 1948.

Kenneth A. Heron, of Chama, pro se.

Bigbee & Kool, of Santa Fe, for appellees.

McGHEE, Justice.

The matters involved in this case are before us for the third time. See 48 N.M.

507, 153 P.2d 514, and 51 N.M. 1, 176 P. 2d 680.

We will refer to the parties as they appeared below. The plaintiff Heron and the defendants each claim title under tax deeds. The plaintiff bases his claim upon a tax sale certificate issued on January 19, 1942, for 1939 taxes, and purchased from the county treasurer on September 22, 1942. On February 1, 1944, he applied to the treasurer for a tax deed which he refused to issue on the ground that the defendant Tafoya had redeemed the land within a few days after the assignment of the tax sale certificate, and that a certificate of redemption had been issued therefor. The defendants claim under a tax deed dated May 7, 1938, which recites that it was issued pursuant to a sale held on December 6, 1935, for several years' unpaid taxes.

The plaintiff assigns error on account of the refusal of the trial court in the early stages of the case to grant him judgment by default because the defendants were tardy in filing responsive pleadings. Although the trial court was quite indulgent in this respect we do not feel that it so abused its discretion that we should hold its action reversible error.

The plaintiff asserts that the defendant Tafoya had never acquired any interest in the property and therefore he did not have the right to redeem from the sale for 1939 taxes for the reason, as he states, there was never any sale of the property; that Tafoya caused the land to be assessed in 1937 for the years 1931 to 1934, inclusive, and that a tax sale certificate immediately issued, and that the tax deed was later issued, but less than two years from the date of sale. The defendants defended against the claims of the plaintiff, but did not ask affirmative relief and the trial court entered judgment in their favor.

The trial court refused to make findings of fact to sustain the contentions of the plaintiff, but on the contrary found that the records in the treasurer's office showed that in December, 1935, the land was duly sold by the treasurer to the State for failure to pay the taxes for the years 1931 to 1934, inclusive; that on or about May 7, 1938, the lands involved were sold by the treasurer to the defendant Tafoya pursuant to the assignment in 1937 of a tax sale certificate, and that tax deed No. 82 was duly executed and delivered to said defendant who then went into actual possession of the land and opened a coal mine thereon, and that he and certain of his codefendants have at all times since been in the actual, visible, hostile possession of such land, claiming under and pursuant to the tax deed issued to the defendant Tafoya, and have since the issuance of such deed claimed and now claim the ownership of said property as against all the world, and have paid all taxes assessed against

the property since said date. Among the other detailed findings of fact are the following:

"6. That the defendant, Juan A. Tafoya, paid the taxes on the property involved prior to the issuance of the tax sale certificate to the plaintiff, but through error in the County Treasurer's office, did not receive credit for such payment and the issuance of the tax sale certificate that was assigned to plaintiff was issued pursuant to such error."

"21. That two days after Tax Sale Certificate No. 2322 was assigned by the Treasurer of Rio Arriba County to the plaintiff, the defendant, Juan A. Tafoya, properly redeemed said tax sale certificate by paying all taxes, interest and penalties and other amounts provided by statute, thereby redeeming all of the land involved in Tax Sale Certificate No. 2322."

▇▇▇ While the plaintiff assigns error on account of the adoption of these findings, his only exception to any of the findings is contained in the order of the court adopting the findings and reads: "to all of which the plaintiff objects and excepts, which said objection and exceptions are hereby noted and allowed." The plaintiff not only contented himself with an exception which is insufficient to invoke a decision as to the correctness of the finding, but he has also failed to comply with Sec. 6 of Supreme Court Rule 15 and set out

the substance of the evidence on this point. In his reply brief he does point out certain matters in an attack on Finding No. 6, but they go to the weight of the evidence which supports the finding and the failure of the plaintiff to produce documentary proof of payment. A reply brief is not the place to make an attack on findings of fact where the making of such findings is assigned as error, and, as we have stated many times, we will not search the record for the evidence on which the finding was based when there is such a disregard for our rules.

The plaintiff attempts to avoid the effect of finding No. 6, supra, by calling our attention to the fact that the defendants admitted the following allegation of his second amended complaint:

"That pursuant to a statutory delinquent tax sale held by the Treasurer of Rio Arriba County, New Mexico, on the 19th day of January, 1942, the said Treasurer issued Tax Sale Certificate No. 2322, covering the above and foregoing described lands and certifying that the said real estate had been sold to the State of New Mexico in manner and form prescribed by law for delinquent taxes for the year 1939, all of which will more fully appear from a copy of said certificate attached hereto, marked Exhibit A, and made a part of the complaint."

Even though we were to hold that the admission of this paragraph constituted an acknowledgment that the 1939 taxes had not been paid, it would not avail the plaintiff anything as he sat idly by and allowed the defendants to make proof of payment of the tax prior to the sale without interposing an objection. In such a case the pleadings will be deemed amended to conform to the proof. George v. Jensen, 49 N.M. 410, 165 P.2d 129.

An answer to the effort of the plaintiff to have us hold that Tafoya did not have the right to redeem the property from the January, 1942, sale for the claimed reason that there was in fact no sale of the property to Tafoya is found in Turner v. Sanchez, 50 N.M. 15, 168 P.2d 96, 164 A.L.R. 1280, where we held that the holder of a tax title, even though it be void, had the right to redeem from a tax sale, as he might eventually get a good title by adverse possession by complying with the statutory requirements, as even a void tax deed constitutes color of title. We will not depart from that holding.

There are many other assignments of error, but they are either without merit or are unnecessary to a decision of this case.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN, SADLER, and COMPTON, JJ., concur.