268 P.2d 979

**GUTIERREZ v. ORTIZ et al.**
No. 5694.

Supreme Court of New Mexico.
April 2, 1954.

Noble, Spiess & Noble, H. E. Blattman, Las Vegas, for appellant.

Roberto L. Armijo, Las Vegas, for appellees.

LUJAN, Justice.

The appellant, who was plaintiff below, commenced this suit to quiet title to a tract

of land located in the City of Las Vegas, New Mexico. The appellees, defendants below, filed an answer denying the allegations of the complaint and a cross-complaint alleging ownership in fee simple of a tract of land which conflicts with the land described in plaintiff's complaint at the extreme southeast corner. The area in dispute is a strip of land 125′ long by 13.51′ wide on one side and 9.5′ on the other.

The issue was as to the title to the above strip of land. The plaintiff and cross-defendant will be referred to as the plaintiff and the defendants and cross-complainants will be referred to as the defendants.

Plaintiff's claim to the land in question is based on a quit claim deed from Henrietta Roth and children, dated October 19, 1950. Defendants' claim is based on a tax deed and ten years adverse possession as required by statute, said deed being dated March 9, 1940. Plaintiff contends that the tax deed is void and conveys no title, for two reasons: (1) Insufficiency of description; and (2) double taxation. The tax deed described the land as follows:

"Land 30 varas in width Bd. N & S by ·F. ˙Wesner; East 8th Street; W. Gallinas St."

At the conclusion of the trial the court made the following findings of fact:

"5. That the said land so described in said deed from the State Tax Commission to the Defendants and Cross-Plaintiffs, is the same tract of land described in the Defendants' and Cross-Plaintiffs' Answer and Cross-Complaint, to-wit:

" 'Beginning at the Southeast corner of this Lot, on West side of Eighth Street Extension. From which the Northeast corner of Lot 17, Block 10 of Raynolds and Harrold Addition to Las Vegas bears south 28 degrees 00 minutes East 39.50 feet, measured along West side of said Eighth Street; Thence south 62 degrees 03 minutes West 306.80 feet to the southwest corner; Thence North 28 degrees 00 minutes West 15 feet to the Northwest corner; Thence following fence along southerly side of Highway 85 North 54 degrees 00 minutes East 176.60 feet, north 56 degrees 45 minutes East 131 feet to the Northeast corner, on west line of said Eighth Street Extension; Thence South 28 degrees 00 minutes East 47.70 feet along said west line of Eighth Street Extension to the place of beginning, containing 00.228 of an acre, more or less,'

"which tract of land is situate within the County of San Miguel, State of New Mexico.

"6. That the description of the real estate contained in the deed from the State Tax Commission to the Defendants and Cross-Plaintiffs, is sufficient,

and that it identifies the property intended to be conveyed by it; that it furnished the means or data which point to evidence that will identify it; and that the survey made by H. E. Beisman followed the course and distances and the natural boundaries given and stated in the said deed from the said State Tax Commission to the Defendants and Cross-Plaintiffs.

"7. That the Defendants and Cross-Plaintiffs were in the actual visible, uninterrupted, continuous, open exclusive, peaceable and adverse possession and appropriation of the said described land, and all thereof, for more than ten years next preceding the commencement of this action, and had the adverse possession of the same continuously for more than ten years prior to the commencement of this action, in good faith, and held the same under color of title, and that all of the taxes levied and assessed against the said land for more than ten years prior to the commencement of this action, were paid by the defendants and Cross-Complainants."

The court rendered judgment in favor of the plaintiff for the tract of land described in his complaint minus the disputed overlap, and quieted title in the defendants to substantially the property described in the cross-complaint including the disputed overlap.

The points urged for reversal can be stated as follows: (1) That the tax deed resulted from a double assessment, and was therefore void, and could not constitute color of title; (2) that the description in the tax deed was so vague as to prevent the use of same for color of title; and (3) that the defendants failed to establish the facts necessary to constitute adverse possession under Section 27–121 of 1941 Compilation.

As to points two and three the findings above quoted are conclusive if supported by substantial evidence, and we think they are so supported. With reference to adequacy of description see Stevens v. Fincher, 52 N.M. 52, 191 P.2d 350; Padilla v. Northcutt, 57 N.M. 521, 260 P.2d 709; Maynard v. Miller, 132 Fla. 269, 182 So. 220; 26 C.J.S., Deeds, § 30, page 210 et seq.

As to point one appellant relies on the case of Pratt v. Parker, 57 N.M. 103, 255 P.2d 311, particularly paragraph seven on rehearing. Appellant contends that what was there said means that a void tax deed cannot serve as color of title; in this contention he is in error. In that decision we were concerned with the problem of tacking to a period of adverse possession the period of time during which the State asserted ownership and we held that such tacking was not permissible, and cited text writers and cases.

It is our conclusion that a tax deed even though void for failure of title in the grantor may constitute color of title; therefore it is unnecessary to determine the question of double taxation. See, Turner v. Sanchez, 50 N.M. 15, 168 P.2d. 96, 164 A.L.R. 1280; Chambers v. Bessent, 17 N. M. 487, 134 P. 237.

Finding no reversible error the judgment is affirmed.

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON, and SEYMOUR, JJ., concur.