274 P.2d 143

**E. A. WESTMORELAND,**
Plaintiff, Appellant,

v.

**Iva Lee CURBELLO, Defendant, Appellee.**

No. 5777.

Supreme Court of New Mexico.

Sept. 9, 1954.

Rowley, Breen & Bowen, Tucumcari, for appellant.

Wesley Quinn, Lewis C. Cox, Jr., Clovis, for appellee.

McGHEE, Chief Justice.

The plaintiff appeals from judgment quieting title in the defendant, Iva Lee Curbello, to an undivided one-fifth interest in certain land in Quay county.

Two points are made on the appeal: That the appellant and his predecessors in interest have established ownership of the entire tract in question by adverse possession, and that the defendant is barred by laches from asserting claim of interest in the land.

At the time of his death in December, 1934, William E. Mundell held the fee simple title to the land in question. In 1931 he executed a second mortgage on the property to his sister-in-law, Mrs. R. C. Mundell, to secure an indebtedness of $3,481.60. Prior to that time he had mortgaged the premises to the Federal Land Bank of Wichita, Kansas, to secure indebtedness of $1,800. At the time of his death, the mortgage to Mrs. R. C. Mundell was still outstanding and subject to the first mortgage lien of the Federal Land Bank on the unpaid balance of approximately $1,234.18. In 1936, Mrs. R. C. Mundell instituted foreclosure proceedings against the heirs of William E. Mundell, his five children. The appellee, Iva Lee Curbello, was one of the children and was named in the foreclosure proceedings, but no service was obtained upon her, and she did not enter a voluntary appearance in the proceedings.

On May 18, 1937, Mrs. R. C. Mundell was given a special master's deed to the land purporting to convey the fee to the entire tract (she having been the purchaser at foreclosure sale.) Through mesne conveyances the ownership and claim under said master's deed has come to rest in the appellant.

It was stipulated between the parties that the appellant and his predecessors in interest have been in open and uninterrupted possession of the premises for more than ten years preceding the institution of appellant's action to quiet title, and that they have paid the taxes on the land during such period.

There is undisputed evidence of the character of such possession. Shortly after the foreclosure proceedings were had, R. C. Mundell communicated with the appellee who was at that time living in California, and offered to sell the land to her and her then husband for the sum of $10,000. This offer was not accepted. Then, in 1937, the R. C. Mundells mortgaged the premises to the First National Bank in Tucumcari, New Mexico, to secure their individual indebtedness for $5,000. In 1939 they entered into a contract with the United States as owners of the tract in question in order to bring it under federal irrigation project, and as a condition to their participating under the contract between the federal government and the Arch Hurley Conservancy District they contracted if the tract were sold at a price above the appraised value, one half of the excess should be paid to the United States. The land at that time was of the value of $3,048.80. The appellant and his predecessors have paid all sums assessed against the property in connection with such contract.

In 1943, the Mundells conveyed the premises by warranty deed to the First National Bank in Tucumcari. The bank took possession of the land and paid the indebtedness to the Federal Land Bank of Wichita, and in 1944 the Tucumcari bank brought a

quiet title suit covering the land in question. The appellee was named as a party to this suit and service was attempted to be had upon her by publication. Parenthetically, it should be noted the appellee was at the time of that suit a resident of New Mexico whose whereabouts could have been ascertained without difficulty, and it seems to be agreed by all that publication against her was ineffective as service.

The appellant and his predecessors have improved the premises, probably to the extent of $15,000 or $16,000 in the preparation of the lands for water and the construction of a dwelling thereon and development of domestic water supply.

The appellee never executed a deed or conveyance of her interest. During the possession of appellant and his predecessors she never protested the use made of the lands or the character of possession exercised; nor did she pay or attempt to pay any of the taxes or other indebtednesses against the property. Never did she assert a right to any of the proceeds of the land. She testified she attempted several times to secure the services of an attorney to protect her interest, but was unable to find one who would do so. She lived in the area of the state where the land is located for many years.

The lower court ruled, as noted above, that the appellee was the owner of an undivided one-fifth interest in the property,

refusing to rule title had been lost to her by adverse possession, or that she was barred from asserting her claim by laches.

The theory of the appellee is that when the Mundell mortgage was foreclosed as to her co-heirs but not as to her that the master's deed vested a four-fifth's interest in the mortgagee-purchasers, but was void as to her one-fifth interest, and did not amount to color of title. She further contends the mortgagee-purchasers became tenants in common with her and that the possession they exercised was not adverse because there was nothing to show ouster of her as cotenant, as ouster is defined in Williams v. Sinclair Refining Co., 1935, 39 N.M. 388, 47 P.2d 910, 911, where it is said:

> "In order to prove ouster there must be some 'express denial of the title and right to possession of the fellow tenant, brought home to the latter openly and unequivocally.' Bradford v. Armijo, 28 N.M. 288, 210 P. 1070, 1074. See also (citing cases) and Colburn v. Mason, 25 Me. 434, 43 Am.Dec. 292. In the Colburn case, last cited, the court said: 'One tenant in common occupying the estate does not oust or disseize another tenant in common, or one who claims to be such, without some unequivocal act manifesting an intention to do so.'"

We entertain no doubt this case is controlled on both the issue of color of

title and of ouster by our holding in Witherspoon v. Brummett, 1946, 50 N.M. 303, 176 P.2d 187, 189. There the contention was made a deed given by an administrator of the estate of the original owner of the land in question was void on its face and for certain defects in the proceedings for sale and did not constitute color of title. We there said:

"* * * It is unnecessary to recite these defects, if any, because it matters not whether the deed was void on its face or void at all, it was color of title. * * * (citing cases) There are authorities to the contrary * * (citing cases) but the great weight of authority is opposed to these cases."

See also: Gutierrez v. Ortiz, 1954, 58 N.M. 187, 268 P.2d 979; Heron v. Garcia, 1948, 52 N.M. 389, 199 P.2d 1003; Thurmond v. Espalin, 1946, 50 N.M. 109, 171 P.2d 325; Turner v. Sanchez, 1946, 50 N.M. 15, 168 P.2d 96, 164 A.L.R. 1280.

The reason underlying this rule is stated in Thurmond v. Espalin, supra, where the following is quoted from State v. United States Coal & Oil Co., 1920, 86 W.Va. 256, 103 S.E. 50:

"'The principal purpose of color is not to show actual grant of the land or of any interest therein, but is to designate the boundary of plaintiff's claim.'" [50 N.M. 109, 171 P.2d 327.]

As to the further contention made in Witherspoon v. Brummett, supra, as here, that the heirs of the original owner were tenants in common with the grantee under the administrator's deed (Witherspoon), and that his possession was not adverse to them, it was said:

"It is said that the appellants were tenants in common with * * * Witherspoon, by reason of which, it is claimed, his possession was not adverse. But Witherspoon claimed under a deed which purported to convey the entire tract to him, and under which he took actual, open and exclusive possession. This operated as a disseizin of all others, and was sufficient notice to all claimants, including tenants in common, that the property was claimed adversely to them. Baker v. Trujillo De Armijo, 17 N.M. 383, 128 P. 73; Armijo v. Neher, 11 N.M. 645, 72 P. 12."

Accordingly, it was error for the trial court to refuse to find title to the land in question had been perfected in appellant under the statute of limitation, § 27–121, N.M.S.A., 1941.

Under the disposition made, it is unnecessary to treat the question of laches, and the case is reversed and remanded with direction to the lower court to enter judgment for appellant.

It Is So ordered.

SADLER, COMPTON, LUJAN and SEYMOUR, JJ., concur.