281 P.2d 928

**Victor LUMMUS and Wife, Belle Lummus, Plaintiffs-Appellees,**

**v.**

**Ernest BRACKIN, Bell Brackin, Lois Brackin, Mrs. ——— Saunders, Unknown Heirs of Martha A. Brackin, Deceased; Unknown Heirs of Oscar Brackin, Deceased; Unknown Heirs of Worth Brackin, Deceased; and All Unknown Claimants of Interest in the Premises Adverse to Plaintiffs, Defendants-Appellants,**

**and**

**Beatrice Brackin Waggoner and Cities Service Oil Co., Third Party Defendants-Appellees.**

**No. 5851.**

Supreme Court of New Mexico.
March 5, 1955.

Rehearing Denied April 25, 1955.

Smith & Smith, Fred C. Tharp, Clovis, for appellants.

James A. Hall, Dee C. Blythe, Clovis, for appellees.

McGHEE, Justice.

This case involves the ownership of a tract of land containing 118.75 acres patented to the heirs of Martha Brackin which the appellee, Lummus, claims to own by virtue of adverse possession and under a tax deed issued to him in 1944.

Lummus' wife joined him as plaintiff in this action and wherever reference is made to appellee's ownership in the singular, his wife's interest shall be deemed included.

The appellee, Lummus, rented the land for many years from Mrs. Waggoner, one of the heirs of Martha Brackin, who actually owned only an undivided one-third

interest therein, less her part of the minerals theretofore conveyed to a religious organization. During such tenancy he ran the rows in a different direction than he did on the adjoining farm owned by him. He also harvested the crops raised on the rented land separately from the crops raised on his land and did not intermingle them.

In 1942 Lummus learned the land involved had been sold for taxes. He purchased a tax sale certificate thereon and immediately filed it for record, notifying Mrs. Waggoner of his action and advising her of her right to redeem. Instead of redeeming, she made an offer to convey the land to Lummus in consideration of his paying her $100 per year so long as she lived. As she was of an advanced age, Lummus accepted her offer. She then had her lawyer prepare a quitclaim deed conveying all of the property to Lummus, retaining in the deed a lien for the yearly payments.

This deed was executed by the parties and promptly filed for record in the office of the county clerk of Curry county, where the land was situated.

The trial court found Lummus acquired fee simple title to the land by the tax deed and also by the quitclaim deed from Mrs. Waggoner and adverse possession thereunder for more than ten years. It also found the appellants had been guilty of laches in failing to inquire for many years concerning the payment of taxes on, the occupancy of, and the rents and profits from the land.

Mrs. Waggoner's brothers who each owned an undivided interest in the land had permitted her to lease it to Lummus for many years and retain the landlord's share of the rents, after payment of taxes. According to the record Lummus believed Mrs. Waggoner was the owner of the land and had no actual notice of the interests of her brothers.

The complaint of Lummus to quiet his title was in the form prescribed by § 22–14–2, 1953 Comp., without making mention of the fact he claimed title by adverse possession under the quitclaim deed. The appellants, heirs of the Brackin brothers, say the trial court erred in permitting proof of adverse possession under such complaint, apparently overlooking our decision in the case of Oliver v. Enriquez, 1912, 17 N.M. 206, 124 P. 798. The point is not well taken.

The appellants make a strong attack on the holding of the trial court that Lummus acquired a good title by adverse possession, saying there is not sufficient proof of ouster of them or a sufficient showing of entry under the deed to make his holding adverse to them.

■ The quitclaim deed was promptly filed for record in the office of the county clerk and operated as a sufficient disseisin of appellants—a repudiation of the existence of the cotenancy. Thurmond v. Espalin, 1946, 50 N.M. 109, 171 P.2d 325.

The farm in question adjoined farm lands of Lummus. As above stated, during the time he rented it, the land had its own turn rows which ran in different directions from those on the lands of Lummus. It was farmed as an independent place and the crops were harvested and stored separately. After the receipt of the quitclaim deed, Lummus farmed the land as a part of his farm, running the rows straight through without turn rows to segregate it from his own land, and farming the land and harvesting the crops on all of the land as a unit. He also leveled the land and rendered it for taxation in his name, included it in financial statements to his banker and held out to the neighbors that it was his land and it was so recognized by them. Until 1946 the property was carried on the county ownership plats as belonging to the Brackin heirs; in 1946 this was changed and it was then shown as belonging to Lummus. In addition, Lummus rebuilt the fence along the road. He had his buildings on the adjoining land and it does not appear there was any need for the construction of additional buildings or new fences on the land in question. He also applied to the Federal Land Bank for a loan on the property shortly before he filed suit to quiet title. It was not until the bank refused to make a loan because of the state of the title that Lummus had actual notice of what might be the interest of the Brackin heirs other than Mrs. Waggoner. See Baker v. Trujillo De Armijo, 1912, 17 N.M. 383, 391, 128 P. 73 and G O S Cattle Co. v. Bragaw's Heirs, 1933, 38 N.M. 105, 28 P.2d 529.

■ The character of the land and the use to which it is adapted largely controls the acts necessary to be exercised in order to constitute open, hostile and exclusive possession. Jackson v. Gallegos, 1934, 38 N.M. 211, 30 P.2d 719; G O S Cattle Co. v. Bragaw's Heirs, supra; Baker v. Trujillo De Armijo, supra. We believe the evidence sustains the findings and conclusions. See also Witherspoon v. Brummett, 1946, 50 N.M. 303, 176 P.2d 187 and Westmoreland v. Curbello, 1954, 58 N.M. 622, 274 P.2d 143.

■ Claim is also made the element of good faith on the part of Lummus was lacking. Although not specifically set forth, a finding of his good faith is included in the finding he had good title by adverse possession. This point is likewise not well taken. Thurmond v. Espalin, supra.

Attack is made on the 1944 tax deed as a muniment of title because it is said Lummus was a tenant of the appellants when he purchased the tax sale certificate and a cotenant when he secured the tax deed in

1944. As we have concluded Lummus has fee simple title by virtue of the quitclaim deed and adverse possession, it is unnecessary to consider this point; one good title to a tract of land is sufficient to sustain the judgment.

Other errors are claimed but they are either immaterial to a decision here or are not well taken.

The judgment will be affirmed, and It Is So Ordered.

COMPTON, C. J., and LUJAN, SADLER, and KIKER, JJ., concur.