**Letha Cantrell GUTHRIE, Plaintiff-Appellee,**

**v.**

**Finis CURNUTT, Defendant-Appellant.**

**No. 37–69.**

United States Court of Appeals
Tenth Circuit.

Nov. 10, 1969.

Kendall O. Schlenker, Farmington, N. Mex. (James M. Parker, Albuquerque, N. Mex., on the brief), for defendant-appellant.

Kaiser Michael, Jr., of McAtee, Marchiondo & Michael, Albuquerque, N. Mex., for plaintiff-appellee.

Before LEWIS, BREITENSTEIN and HOLLOWAY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Defendant-appellant Curnutt and plaintiff-appellee Guthrie each owned an undivided one-half interest in New Mexico property. The Internal Revenue Service seized the interest of the plaintiff for failure to pay delinquent federal cabaret taxes. At the subsequent sale, defendant purchased the interest and a certificate of sale was issued to him on August 22, 1966.

The issue is whether the plaintiff satisfied the requirements of the applicable redemption statute which provides:[1]

"(b) Redemption of real estate after sale.—

(1) Period.—The owners of any real property sold as provided in section 6335 * * * shall be permitted to redeem the property sold * * * at any time within 1 year after the sale thereof.

(2) Price.—Such property * * * shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary or his delegate, * * * the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum."

The plaintiff desired to redeem and about August 8, 1967, hired an attorney to help her do so. Her attorney's efforts to handle the matter with the defendant or his lawyer were frustrated by the actions and attitudes of the defendant. On the last day for redemption an agent of the plaintiff went to the office of the Special Procedures Officer of the I.R.S. in Albuquerque, New Mexico, to redeem the property. The agent had with him $10,000 in cash and $8,500 in cashier's checks. The amount needed to redeem was less than $9,000. The agent told

the I.R.S. officer that he had been unable to locate the defendant and offered to pay the required amount in cash or by a cashier's check. The I.R.S. officer refused the offer and told plaintiff's agent that he would have to redeem from defendant Curnutt. On the next day, the plaintiff and her agent reached Curnutt, who told them that the redemption time had expired and that he had applied for a deed. This suit was then filed to enforce the statutory right to redeem.

After an evidentiary hearing, the trial court found that "[t]he plaintiff exerted more than a reasonable effort to locate the defendant within the county where the property was located, and her inability to do so can be traced directly to purposeful action by the defendant." This finding is sustained by substantial evidence and is not clearly erroneous. The trial court held that "the tender [to the I.R.S. officer] was timely and sufficient to effect redemption in compliance with the provisions of the *Code*," and ordered that plaintiff be permitted to redeem.

Reversal is sought on the ground that there was no timely and sufficient tender. Defendant says that to redeem the plaintiff, within the statutory time, had to make "an *actual production* of the necessary funds" and offer them to the defendant or to the I.R.S. officer. On August 22, 1967, the agent offered cash or a cashier's check to the I.R.S. officer. He told plaintiff's agent that the redemption deadline did not expire until August 23, that he would not accept the offer, and that the agent would have to redeem from the defendant directly. The rejection of the offer was not because of the nonproduction of the required amount. The I.R.S. officer was wrong on the deadline which expired on the 22nd.

The failure of the agent to count out the cash or to present a cashier's check in the actual amount does not destroy the tender. We have held that when a party, able and willing to do so,

1. Internal Revenue Code of 1954, § 6337 (b), 68A Stat. 787. The statute was amended in 1966 to change the period from 1 year to 120 days. See 80 Stat.

1137. The amendment was effective after the date of its enactment, November 2, 1966. See 80 Stat. 1146. The sale in question was before that date.

offers to pay another a sum of money and is told that it will not be accepted, the offer is a tender without the money being produced. Shaner v. West Coast Life Ins. Co., 10 Cir., 73 F.2d 681, 684. See also National Labor Relations Board v. Murphy's Motor Freight, Inc., 3 Cir., 231 F.2d 654, 655; Taylor v. Mutual Ben. Health & Accident Ass'n, 8 Cir., 133 F.2d 279, 282; and Servel v. Jamieson, 9 Cir., 255 F. 892, 894. The New Mexico law is in accord. See Turner v. Sanchez, 50 N.M. 15, 168 P.2d 96, 97, 164 A.L.R. 1280, and Carmichael v. Rice, 49 N.M. 114, 158 P.2d 290, 293, 159 A.L.R. 1072. We do not read Peugh v. Davis, 113 U.S. 542, 545, 5 S.Ct. 622, 28 L.Ed. 1127, to require the "counting out" of the money where there is a clear refusal to accept the money.

We are convinced that the defendant purposefully avoided the plaintiff, her lawyer, and her agent, in an effort to prevent redemption. The defendant could not be found in the county where the property was located and therefore the payment could be made to the delegate of the Secretary. That officer wrongfully rejected a timely and sufficient tender. The plaintiff complied with the statute and had the right to redeem.

Affirmed.