**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WESTLAND HOLDINGS, INC.,
a Wyoming corporation,

        Plaintiff-Appellee,

v.

ROSS LAY,

        Defendant-Appellant,

   and

WYOMING DEPARTMENT OF
EMPLOYMENT; GEORG JENSEN,

        Defendants.

No. 05-8083

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**
**(D.C. No. 04-CV-265-WFD)**

---

Submitted on the briefs:[*]

Mitchell E. Osborn, Cheyenne, Wyoming, for Appellant.

John C. Patton, Wendy Curtis Palen, Cheyenne, Wyoming, for Appellee.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

**TYMKOVICH,** Circuit Judge.

In this dispute involving the redemption of real property after a tax sale, defendant-appellant Ross Lay appeals from the district court's grant of summary judgment to plaintiff Westland Holdings, Inc. (Westland). "We review the grant of summary judgment de novo and affirm only if the record, considered in the light most favorable to the plaintiff, establishes no genuine issue of material fact," *Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1004 (10th Cir. 2006) (quotation omitted), and the defendant is entitled to a judgment as a matter of law, Fed. R. Civ. P. 56(c). Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

Redemption of real property after a tax sale is governed by 26 U.S.C. § 6337(b)(1), which provides:

> The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, *at any time within 180 days after the sale* thereof.

(emphasis added).

Mr. Lay purchased defendant Georg Jensen's real property at a tax sale held by the Internal Revenue Service on November 14, 2003. On May 12, 2004,

Mr. Jensen executed a mortgage in favor of Westland for the express purpose of providing Westland with a redeemable interest in the property. That same day, Westland tendered the sufficient redemption amount to the IRS. The IRS, however, rejected the tender because it maintained that the redemption attempt was not within the statutory time period and was thus untimely. The IRS came to this conclusion by including the date of the sale as the first day of the redemption period.

The parties stipulated that Westland was a person with an interest in the property pursuant to this statute and was thus eligible to redeem.[1] *See* Aplt. App. at 68. Thus, the purely legal issue before the district court was whether the day of the sale should be counted when calculating the redemption period. If it should be counted, Westland's attempted redemption came one day late.

After a thorough review of the applicable law, the district court concluded that the day of sale should not be included in the redemption-period calculation. *Westland Holdings, Inc. v. Lay*, 392 F. Supp. 2d 1283, 1287 (D. Wyo. 2005). The court therefore granted Westland's motion for summary judgment, holding that Westland "tendered the redemption amount within the 180-day statutory redemption period, which ended on May 12, 2004." *Id.*

---

[1] This stipulation forecloses Mr. Lay's argument on appeal that Westland did not possess redemption rights.

As part of its analysis, the district court considered *Guthrie v. Curnutt*, 417 F.2d 764 (10th Cir. 1969), where this court found that the then one-year redemption deadline for property sold on August 22, 1966, expired on August 22, 1967, and that a cash tender on that date was timely. *Id.* at 765-66. The district court found *Guthrie* unclear as to whether this court counted the day of the sale as the first day of the redemption period. *Westland*, 392 F. Supp. at 1285. In order to dispel any confusion, we now clarify that we did not count the day of sale as the first day of the one-year redemption period in *Guthrie*. Had this court included August 22, 1966, as the first day of the then 365-day redemption period, the period would have expired at the end of the day on August 21, 1967, not on August 22. Thus, this court started the redemption clock in *Guthrie* on August 23, 1966, the day after the sale.

With this clarification, we agree with the well-reasoned opinion of the district court and, as we have on other appropriate occasions, we formally adopt the decision, attached as an appendix hereto, as our own. *See, e.g., Hollytex Carpet Mills, Inc. v. Okla. Employment Sec. Comm'n (In re Hollytex Carpet Mills, Inc.)*, 73 F.3d 1516, 1518 (10th Cir. 1996).

The judgment of the district court is AFFIRMED.

Appendix

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

WESTLAND HOLDINGS, INC. a )
Wyoming Corporation, )
           )
        Plaintiff(s), )
           )
vs. )       Case No. 04-CV-265-D
           )
ROSS LAY, INTERNAL REVENUE )
SERVICE, DEPARTMENT OF )
EMPLOYMENT, and GEORG JENSEN, )
           )
        Defendant(s). )

## ORDER GRANTING SUMMARY JUDGMENT TO PLAINTIFF WESTLAND HOLDINGS, INC.

This matter comes before the Court on the Motion for Summary Judgment filed by Plaintiff Westland Holdings, Inc. on January 7, 2005. Though this motion was initially denied because the facts of the case were unclear absent further discovery, the parties have since resolved all disputed issues of fact and the matter is now appropriately before the Court on the Motion for Summary Judgment. The Court, having reviewed the materials submitted in support and opposition, and being otherwise fully advised in the premises, FINDS and ORDERS as follows:

### BACKGROUND

The facts remaining in this action, as stipulated by the parties Westland Holdings, Inc.

and Ross Lay, are as follows:

1. Defendant Georg Jensen was the record owner of certain real property located at 1613 Evans Avenue, Cheyenne, Laramie County, Wyoming, at the time of a sale held by the Internal Revenue Service on November 14, 2003.

2. Said property was subject to several liens of record against Georg Jensen in the Laramie County, Wyoming real estate records, including several state tax liens and two federal tax liens.

3. The Internal Revenue Service ("IRS"), an agency of the United States of America, levied upon the property and caused notice of the sale of the property to be given pursuant to Section 6331 of the Internal Revenue Code.

4. The sale was held November 14, 2003. No objection to notice or the procedural aspects of the sale itself have been entered by any party.

5. Defendant Ross Lay was the successful bidder at the public auction sale and was issued a Certificate of Sale of Seized Property from the IRS.

6. On May 12, 2004, Georg Jensen executed a mortgage in favor of Plaintiff Westland Holdings, Inc. The parties agree the mortgage was given specifically for the purpose of providing Westland Holdings, Inc. with an interest in the property sufficient to redeem the property pursuant to federal law.

7. The Plaintiff is a person with an interest in the property pursuant to 26 U.S.C. §

-2-

6337(b)(1) and therefore entitled to redeem the property "within 180 days of the sale."

8. Plaintiff tendered to the IRS $60,500 on May 12, 2004. The parties agree that this amount was sufficient to redeem the property, if the redemption is determined to be timely.

9. No other party with an interest in the property attempted to redeem the property.

10. The IRS rejected the redemption of the Plaintiff, stating that the redemption was not within the 180-day time period required by statute and that the date of the sale is included in calculating the 180-day period. The parties stipulate that the timeliness of the redemption is the only remaining issue before the Court.

11. A Quitclaim Deed was executed by the IRS transferring the property to Defendant Lay on May 21, 2004 and recorded with the Laramie County Clerk on June 18, 2004 as reception number 390434, book 1820, page 357.

12. The parties stipulate that the only issue remaining is an issue of law: Whether the redemption by Plaintiff on May 12 was within the 180-day period, as argued by the Plaintiff, or whether the redemption was one day late because the IRS counts the day of the sale when calculating the redemption period, as argued by the Defendant.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c). In considering a party's motion for summary judgment, the court must examine all evidence in the

-3-

light most favorable to the non-moving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n.1 (10th Cir. 1981). As the parties have stipulated to all material issues of fact and the only issue remaining is one of law, the Court may appropriately decide this matter on summary judgment.

## DISCUSSION

The only issue remaining in this case is whether the Plaintiff Westland Holdings, Inc. redeemed the subject property within the 180-day statutory redemption period. United States statute provides,

Redemption of real estate after sale.—

Period.—The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, *at any time within 180 days after the sale* thereof.

26 U.S.C. § 6337(b)(1) (2004) (emphasis added). Whether the Plaintiff in this case redeemed the property within the statutory period is dependent upon whether the day of the sale is counted as part of the 180 days, or whether the clock starts running the day after the sale. Defendant argues that the day of the sale is included in the count, and therefore, the Plaintiff's tender was 181 days after the sale. Plaintiff contends the day of sale is not included and the tender was within 180 days after the sale.

To resolve this issue the Court must first look to the statutory language. "The first step is

-4-

to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 450 (2002) (citations and quotations omitted). The language in question here is the phrase "at any time within 180 days after the sale." Plaintiff argues that the plain meaning of the phrase is unambiguous. The word "after" clearly indicates that the first day counted in the 180 days is the day "after" the sale. The Court agrees that the language of the statute is a strong indication that the day of the sale should not be included when counting the 180-day redemption period. Nevertheless, as the statute does not explicitly state as much, the Court believes it is prudent to look beyond the statutory language to other authority that might resolve the issue.

Several cases have applied the statutory redemption period found in 26 U.S.C. § 6337(b). Plaintiff cites those cases which it claims counted the statutory period in § 6337(b) starting the day after the sale. Defendant, on the other hand, points to cases he claims counted the day of sale. The only case this Court discovered that squarely addresses the issue is *Howard v. Adle*, 538 F. Supp. 504 (E.D. Mich. 1982). The United States District Court for the Eastern District of Michigan in *Howard* stated, basing its opinion on two cases that purportedly led the court to conclude as it did, "The expiration date of the redemption period is calculated by including the date of sale." *Id.* at 509. The two cases relied upon by the court were *Ballard v. United States*, 20 A.F.T.R.2d 5476 (D. Colo. 1967) and *Guthrie v. Curnutt*, 417 F.2d 764 (10th Cir. 1969).

The application of § 6337(b) in *Ballard* and *Guthrie* does not support the holding in *Howard*. A careful examination of *Ballard* demonstrates that the United States District Court for the District of Colorado did not count the day of the sale in calculating the redemption period, which was 120 days at the time the case was decided. In *Ballard*, the day of the sale was November 4, 1966 and the court held that March 6 and March 21, 1967 were 122 and 137 days after the sale, respectively, falling outside the 120 day redemption period in § 6337(b). *Ballard*, 20 A.F.T.R.2d at *2-3. In *Guthrie*, a case on which Defendant relies, it is not clear that the Tenth Circuit Court of Appeals counted the day of the sale. At that time, the redemption statute required that redemption be "within 1 year after the sale." The sale occurred on August 22, 1966. *Guthrie*, 417 F.2d at 765. The Tenth Circuit held that the deadline expired on August 22, 1967. *Id.* Defendant claims that *Guthrie* demonstrates that the date of the sale is included in the calculation. *Guthrie*, however, could just as easily be interpreted as not having included the day of the sale in counting the redemption period and it unclear whether the Tenth Circuit even considered whether to count the day of the sale when it decided *Guthrie*.

In a more recent unpublished Tenth Circuit case, *Silver Bell Industries v. United States*, the Tenth Circuit, again applying § 6337(b), did not count the date of sale in calculating the length of the redemption period. 38 A.F.T.R.2d 5171 (10th Cir. 1976) (unpublished). The date of sale was January 12, 1972. *Id.* at *4. The Tenth Circuit noted that the day of tender, May 12, 1972, was 121 days after the day of the sale. *Id.* at *5. In order to come to this conclusion the

-6-

court did not include the day of the sale in calculating the redemption period.

In addition to the case law, the Plaintiff suggests that the Court apply Federal Rule of Civil Procedure 6(a), which states, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by *any applicable statute,* the day of the act, event, or default from which the designated period of time begins to run shall not be included." FED. R. CIV. PRO. 6(a) (emphasis added).

Some courts have held that when a statute does not expressly dictate whether the day of the event should be included in the time limitation, Federal Rule of Civil Procedure 6(a) should control. *Flanagan v. Johnson*, 154 F.3d 196, 201-02 (5th Cir. 1998) ("Given the lack of any express direction in the statute itself, we are compelled to adhere to our Circuit's well established rule that Rule 6(a) governs the computation of federal statutory time periods of limitation. . . . By extension, when computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of the April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely."); *Krajci v. Provident Consumer Discount Co.*, 525 F. Supp. 145, 150 (E.D. Penn. 1981) ("Where no contrary policy is expressed in a statute, considerations of liberality and leniency militate in favor of Rule 6(a)'s application."). *See also Union Nat. Bank of Wichita, Kan. v. Lamb*, 337 U.S. 38, 40-41 (1949). Section 6337(b) does not explicitly set forth whether the day of the sale should be included. As such, the Court finds it prudent to follow the generally accepted rule for counting time in Federal

Rule of Civil Procedure 6(a).

Finally, if the Court is not convinced by the plain language, case law, or general rule in favor of applying Federal Rule of Civil Procedure 6(a), Plaintiff argues that the statute should be liberally construed in favor of the redeeming party. Plaintiff points out that "[c]ourts have traditionally looked with favor upon redemption and have given liberal construction to redemption statutes." *Seay v. U.S.*, 1998 WL 718187, *4 (W.D. Tex. 1998) (citations and quotations omitted). As the court observed in *Babb v. Frank*, 947 F. Supp. 405 (W.D. Wisc. 1996), a case cited favorably by the Tenth Circuit in *Gaechter Outdoor Advertising*, 221 F.3d 1353, *7 (10th Cir. 2000) (unpublished),

> An owner's right to redeem property seized by the United States for failure to pay taxes was well-established long before the passage of 26 U.S.C. § 6337. *See Corbett v. Nutt*, 77 U.S. (10 Wall.) 464 (1870); *Bennett v. Hunter*, 76 U.S. (9 Wall.) 326 (1869). Leniency to the owner in the exercise of this right has always been the rule of thumb. *See Corbett*, 77 U.S. at 474-75 ("It is the general rule of courts to give to statutes authorizing redemption from tax sales a construction favorable to owners . . . .").

*Babb*, 947 F. Supp. at 406. If leniency is applied in favor of the owner in the instant cause, the date of the sale should not be included in calculating the redemption period. The fact that it is the owner's mortgagee that is attempting to obtain the more lenient deadline is of no consequence. One rule cannot be established for the benefit of the owner and another for other parties with the right to redeem, as the result would be unworkable.

## CONCLUSION

The Court finds that the language of § 6337(b) and the case law interpreting the statute indicate that the date of the sale should not be counted in determining the statutory redemption period. This decision also comports with the general rule expressed in Federal Rule of Civil Procedure 6(a) and the policy of leniency to the owner in the exercise of the right of redemption. Finding that the day of the sale should not be counted in the redemption period, the Court concludes that the Plaintiff Westland Holdings, Inc. tendered the redemption amount within the 180-day statutory redemption period, which ended on May 12, 2004. Plaintiff is entitled to judgment as a matter of law. THEREFORE, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED** and that the Plaintiff shall be permitted to redeem the property.

DATED this _2nd_ day of August, 2005.

_____
United States District Judge

-9-