**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAY BOYDSTON,

        Plaintiff - Appellant,

        v.

WILEY ISOM, an Officer of the New
Mexico State Police; DAVE STEWART,
a Sergeant of the New Mexico State
Police,

        Defendants - Appellees.

No. 06-2146
(D. Ct. No. CIV-05-117 MCA/WDS)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and
**LUCERO**, Circuit Judge.

Plaintiff-Appellant Jay Boydston filed a civil action under 42 U.S.C. § 1983

against Defendants-Appellees Officer Wiley Isom and Sergeant Dave Stewart, both

officers of the New Mexico State Police. Mr. Boydston alleged the officers maliciously

prosecuted him for crimes they knew he did not commit, in violation of his rights under

the Fourth and Fourteenth Amendments. The District Court granted Defendants' motion

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

for summary judgment, concluding that Defendants are entitled to qualified immunity. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

Mr. Boydston is the owner of Route 66 Auto Sales in Moriarty, New Mexico. On February 10, 2004, Defendants went to Route 66 Auto Sales to speak with Mr. Boydston about a temporary tag they believed he may have issued to a customer without first receiving the consent of the state Motor Vehicle Department ("MVD"), which is a violation of state law, and to review the records relating to the sale of a vehicle to that customer. Mr. Boydston, who had recently received a copy of the MVD's customer privacy policy, refused Defendants' request, stating that he believed that to release the records would violate his customer's right to privacy. Mr. Boydston asked Defendants to leave, but they did not. Mr. Boydston, who is epileptic, then experienced a *grand mal* seizure and was transported to a hospital. He was not arrested at this time.

On March 10, 2004, Officer Isom, with Sergeant Stewart's consent, filed a criminal complaint against Mr. Boydston in state magistrate court,[1] charging Mr. Boydston with (1) refusing to allow Defendants, as peace officers, to inspect vehicle records in violation of N.M. Stat. § 66-4-5(D), and (2) knowingly obstructing, resisting, or opposing law enforcement officers attempting to serve or execute a rule or order in

---

[1]Under New Mexico law, a peace officer may initiate a criminal complaint in the magistrate court by filing with the court "a complaint consisting of a sworn statement containing the facts, common name of the offense charged, and where applicable, a specific section number of New Mexico Statutes Annotated." N.M.R.A. 6-201.

violation of N.M. Stat. § 30-22-1(A). Officer Isom also filed a "Statement of Probable Cause" in which he detailed the events that transpired on February 10.

On May 26, 2004, Mr. Boydston filed a motion to dismiss the complaint on the ground that Defendants had failed to produce, as ordered by the state magistrate judge, tapes that allegedly recorded the February 10 encounter. Mr. Boydston believed these tapes would prove his innocence. The District Court scheduled oral argument on the motion for the same day as trial, June 29, 2004. At some time prior to this date, Officer Isom retired from the police force. He then failed to appear in court on June 29. As a result, the state court dismissed the complaint against Mr. Boydston without prejudice on July 8, 2004.

Mr. Boydston filed this § 1983 claim in District Court on February 3, 2005, alleging Defendants maliciously prosecuted him for crimes they knew he did not commit. Defendants moved for summary judgment, arguing that they are entitled to qualified and absolute immunity. The District Court granted summary judgment, concluding that Defendants were entitled to qualified immunity because Mr. Boydston failed to establish that Defendants violated his Fourth Amendment rights. In relevant part, the District Court concluded that Mr. Boydston failed to show Defendants lacked probable cause to initiate the criminal prosecution against him.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court. *Sandoval v. City of Boulder*, 388 F.3d 1312,

1320 (10th Cir. 2004).  Summary judgment is warranted "only if the record, considered in the light most favorable to the [nonmoving party], establishes no genuine issue of material fact, and the defendant is entitled to a judgment as a matter of law."  *Westland Holdings, Inc. v. Lay*, 462 F.3d 1228, 1229 (10th Cir. 2006) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c).  "Where the nonmovant will bear the burden of proof at trial on a dispositive issue . . . that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence, as a triable issue, of an element essential to that party's case in order to survive summary judgment."  *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

Because Defendants have invoked the defense of qualified immunity, Mr. Boydston must provide specific facts that would prove "(1) the official[s] violated a constitutional or statutory right; and (2) the constitutional or statutory right was clearly established when the alleged violation occurred."  *Johnson ex rel. Estate of Cano v. Holmes*, 455 F.3d 1133, 1142 (10th Cir. 2006) (quotation omitted); *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (noting that on summary judgment the moving party bears the normal summary judgment burden of showing that no material facts remain in dispute that would defeat the qualified immunity defense).

Malicious prosecution is a common law tort.  *See Taylor v. Meacham*, 82 F.3d 1556, 1560 (10th Cir. 1996).  When evaluating a § 1983 claim based on a common law tort, the elements of the tort serve as "an important guidepost for defining the constitutional cause of action," but "the ultimate question is always whether the plaintiff

has alleged a constitutional violation." *Pierce v. Gilchrist*, 359 F.3d 1279, 1289 (10th Cir. 2004) (explaining § 1983 provides a cause of action for the deprivation of constitutional rights, it "does not provide a federal cause of action for every violation of state common law"); *see also Taylor*, 82 F.3d at 1560–61 ("[O]ur circuit takes the common law elements . . . as the 'starting point' for the analysis of a § 1983 malicious prosecution claim, but always reaches the ultimate question, which it must, of whether the plaintiff has proven a constitutional violation."). Lack of probable cause to initiate criminal proceedings is an essential element of the federal common law tort of malicious prosecution. *See* Restatement (Second) of Torts § 653 (1977) (listing absence of probable cause as an element of a cause of action); *see also Pierce*, 359 F.3d at 1288 (explaining that federal courts evaluating a § 1983 constitutional claim based on an analogous common law tort must rely on the "general principles of common law among the several states," not the "specific terms of the tort law of any particular state"). The constitutional right at issue in the context of a § 1983 malicious prosecution claim is the Fourth Amendment right to be free from unreasonable seizures.[2] *See Taylor*, 82 F.3d at 1561–62. A seizure is "unreasonable" when it is made without probable cause. *United States v. Traxler*, 477 F.3d 1243, 1246 (10th Cir. 2007). In sum, to establish a § 1983

---

[2]Mr. Boydston asserts violations of the Fourth and Fourteenth Amendments. The Fourteenth Amendment is not a proper basis for a § 1983 claim predicated on a malicious prosecution. *See Taylor*, 82 F.3d at 1561 n.3 (citing plurality opinion in *Albright v. Oliver*, 510 U.S. 266 (1994), to conclude that Fourteenth Amendment substantive due process standards are not a proper basis for § 1983 claims based on pretrial state conduct).

claim for malicious prosecution, Mr. Boydston must show that Defendants lacked probable cause to file charges against him. *See Taylor*, 82 F.3d at 1561 (evaluating the plaintiff's malicious prosecution claim by first determining whether probable cause supported the plaintiff's arrest). He has not done so.

"Probable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent [officer] in believing that an offense has been or is being committed." *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir. 1985). This is an objective standard; the subjective belief of an individual officer as to whether there is probable cause is not dispositive. *United States v. Davis*, 197 F.3d 1048, 1051 (10th Cir. 1999). Importantly, probable cause does not require facts sufficient for a finding of guilt. *United States v. Soto*, 375 F.3d 1219, 1222 (10th Cir. 2004). Officer Isom, with Officer Stewart's approval, charged Mr. Boydston with refusing to permit Defendants to inspect his temporary license plate records and with obstructing Defendants in the execution of their lawful duties. There is probable cause for each charge.

Section 66-4-5 requires a "title service licensee" to maintain a record of "every temporary registration plate issued." N.M. Stat. § 66-4-5(D) (1977). Subsection (E) provides that these records "shall be open to inspection by any peace officer or officer of the [state] department [of Revenue and Taxation] during reasonable business hours." *Id.* § 66-4-5(E). Violation of these provisions constitutes a misdemeanor under New Mexico law. *Id.* § 66-4-9. Section 30-22-1 provides that whoever resists, evades, or obstructs an

officer commits a misdemeanor. *Id.* § 30-22-1. Resisting, evading, or obstructing

consists of, *inter alia*, "resisting or abusing any . . . peace officer in the lawful discharge

of his duties," *id.* § 30-22-1(D).[3]

With respect to each charge, the same facts demonstrate that a reasonable officer

would have probable cause to believe Mr. Boydston violated New Mexico law. It is

undisputed that Defendants went to Route 66 Auto Sales during normal business hours

and requested of Mr. Boydston that they be allowed access to the records, as permitted by

N.M. Stat. § 66-4-5(E). It is also undisputed that Mr. Boydston denied Defendants access

to the records. Thus, a prudent officer would be reasonable in his belief that Mr.

Boydston violated the law requiring him to provide access to the records and the law

prohibiting a person from "resisting" a peace officer in the lawful discharge of his duties.

Mr. Boydston's justification for his denial—that he believed he was required to keep the

records private or that he should have been given time to consult with an attorney before

granting the officers access to the records—does not affect the probable cause

---

[3]Although neither party has raised the issue, we note that the criminal complaint claims a violation of N.M. Stat. § 66-4-5(D), which requires a title service licensee to *maintain* certain records, but the language in the complaint states Mr. Boydston is charged with failure to allow the officers to *inspect* the records, which is a violation of § 66-4-5(E). Similarly, with respect to the obstruction offense, the criminal complaint claims an obstruction under § 30-22-1(A), which applies to officers attempting to serve or execute an order of the court, rather than § 30-22-1(D), which applies to officers discharging their lawful duties. These discrepancies do not affect our resolution of the validity of the probable cause determination: based on the facts as described in the criminal complaint, ample probable cause exists to support the initiation of criminal proceedings under the correct statutory subsections.

determination. *See Romero v. Fay*, 45 F.3d 1472, 1481 (10th Cir. 1995) (noting that "[o]nce Defendants concluded that the initially discovered facts established probable cause, they were under no obligation to forego arresting Plaintiff or release him merely because he said he was innocent").

Mr. Boydston nevertheless insists the District Court erred in granting summary judgment because disputed issues of material fact related to whether there was probable cause to believe Mr. Boydston violated the statutes in question remain. In support of this contention, he first points to facts alleged in his deposition testimony that state: (1) Defendants represented themselves to Mr. Boydston as being from the state Department of Taxation and Revenue ("Department") (implying that Mr. Boydston was not aware that Defendants were police officers), and (2) Officer Isom never told Mr. Boydston, as recited in Officer Isom's Statement of Probable Cause, that failure to produce the records for inspection was a violation of the law or that failure to produce a driver's license on request was obstructing justice in violation of the law. Neither of these allegations is a material issue of fact as to whether probable cause existed, however, and only *material* factual disputes—disputes over facts that might affect the outcome of the suit under the governing law—will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As noted above, probable cause is measured against an objective standard and is evaluated "in relation to the circumstances as they would have appeared to prudent, cautious and trained *police officers*." *United States v. Davis*, 197 F.3d 1048, 1051 (10th

- 8 -

Cir. 1999) (quotation omitted) (emphasis added). As such, Mr. Boydston's belief that the officers were actually representatives from the Department does not affect a reasonable officer's determination that there was probable cause to believe Mr. Boydston was violating N.M. Stat. § 66-4-5(E). Further, the statute explicitly provides that representatives from the Department, in addition to peace officers, may inspect the records during normal business hours. Thus, even if the officers represented themselves as being from the Department, Mr. Boydston would still be required to allow them to inspect the records. With respect to Mr. Boydston's claim that the officers did not inform him that his actions violated the law, this disputed fact also is immaterial. Ignorance of the law is no excuse for a violation of the law—one is guilty of a crime if he intends to engage in the conduct prohibited by the statute. *United States v. Platte*, 401 F.3d 1176, 1183–84 (10th Cir. 2005). As such, a reasonable officer need not inform an individual that he is violating the law prior to concluding that he has probable cause to issue a complaint for a violation of that law.

Next, Mr. Boydston contends probable cause was lacking because there was no proof of criminal intent to violate the obstruction statute. Section 30-22-1(D) does not include a specific mens rea requirement. As such, the only intent required is that the individual intend the act prohibited. *See In re Shaneace L.*, 18 P.3d 330, 333 (N.M. 2000) ("Evidence is sufficient to establish a general criminal intent when it demonstrates . . . that a person purposely performed the act in question."). Again, there is no dispute that Mr. Boydston refused Defendants access to the records.

Mr. Boydston also claims any probable cause the officers had is invalidated because Officer Isom filed the criminal complaint in bad faith and based upon fabricated evidence. Yet Mr. Boydston fails to indicate what evidence the officers fabricated. He claims the officers made "intentional false accusations," but provides no facts or specific allegations to substantiate those claims. These conclusory allegations without supporting evidence are insufficient to create a material issue of disputed fact on the question of probable cause. *See L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) (explaining "[u]nsupported conclusory allegations . . . do not create a genuine issue of fact" sufficient to survive summary judgment).[4]

Finally, Mr. Boydston argues that Defendants were required to have a search warrant to inspect the records after he refused them access and ordered them to leave his property. Even if this were true, it does not change the fact that Mr. Boydston did refuse

---

[4]Mr. Boydston also argues that Defendants' failure to produce the tapes of the February 10 incident as ordered by the magistrate court constitutes a separate basis for his § 1983 claim: he alleges the officers withheld exculpatory evidence in violation of the Fourth Amendment. Mr. Boydston's argument is misplaced. His allegations are more properly viewed as a due process violation as stated in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), in which the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." The essence of the *Brady* rule is that nondisclosure of material exculpatory evidence violates a defendant's due process right to a *fair trial*. *See, e.g., United States v. Bagley*, 473 U.S. 667, 675 (1985) (noting that "[t]he *Brady* rule is based on the requirement of due process" and that the prosecution's failure to disclose evidence favorable to the accused may "deprive the defendant of a fair trial") (opinion of Blackmun, J.); *Nuckols v. Gibson*, 233 F.3d 1261, 1263 (10th Cir. 2000) (stating that a *Brady* violation implicates a defendant's right to a fair trial). Because Mr. Boydston was not subjected to a criminal trial, his *Brady* claim is inapplicable here.

inspection of the records, which the law explicitly provides "shall" be available for inspection at certain times without a warrant.

Mr. Boydston can prove no set of facts that would establish that Defendants filed the criminal complaint against him without probable cause. Consequently, he has failed to prove a violation of his constitutional rights and his § 1983 claim must fail.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the District Court's order granting summary judgment in favor of Defendants.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge